UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GARY COLLINS,<br><br>                              Plaintiff,<br><br>v.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY; and DOES 1 THROUGH 10,<br><br>                              Defendants. | Case No.:  19-cv-1392-GPC-MSB<br><br>**ORDER DENYING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 28, 38]** |

Before this Court is Defendant Nationwide Agribusiness Insurance Company's two motions to file under seal certain documents in support of its motion for summary judgment. ECF Nos. 28, 38. The Court **DENIES** both motions.

Courts apply a "strong presumption in favor of access" to documents filed in litigation. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). To overcome that presumption, the movant must provide "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial

1

process.'"  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted).

Typically, medical privacy qualifies as a "compelling reason" to seal records.  *See, e.g.*, *Salgado v. Iqvia, Inc.*, No. 18-CV-2785-BAS-WVG, 2020 WL 1322949, at *2 (S.D. Cal. Mar. 20, 2020).  However, Plaintiff, by putting the medical history "at issue," has waived the confidentiality of these records.  *See Warner v. Velardi*, No. 16-CV-1924-BEN (DHB), 2017 WL 3387723, at *2 (S.D. Cal. Aug. 7, 2017).

Specifically, the July 2018 Medical Review and the October 2018 Peer Review Report—which correspond to Defendant's Exhibits C and E—have already been produced by Plaintiff.  *See* Pl.'s Evid. Exs. 16, 23, ECF No. 37-4.  The Court cannot seal what has already been made public.  *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 U.S. Dist. LEXIS 136420, at *31 to *34 (N.D. Cal. Aug. 6, 2014) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 570 (9th Cir. 2008)); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012).

Accordingly, the Court **DENIES** Defendant's motions to file under seal.  Instead, the redacted versions of Exhibits B, I, K, and P are appropriately filed.  Any party may move to file unredacted versions at any time.

**IT IS SO ORDERED.**

Dated:  November 16, 2020

Hon. Gonzalo P. Curiel
United States District Judge